[Cite as *State v. Green*, 2022-Ohio-682.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

    v. :

DELVINCI L. GREEN, :

    Defendant-Appellant. :

No. 110105

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649033-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant*.

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Delvinci Green ("Green"), appeals his sentence.

He raises the following single assignment of error for review:

> As amended by the Reagan Tokes Act, the Revised Code's sentences for first and second degree qualifying felonies violates the constitutions of

the United States and the state of Ohio; the trial court plainly erred in imposing a Reagan Tokes indefinite sentence.

{¶ 2} For the reasons set forth below, we affirm the trial court's judgment.

## I. Procedural History

{¶ 3} In March 2020, Green was charged in a 20-count indictment that included the offenses of aggravated burglary; burglary; aggravated robbery; robbery; abduction; theft; having a weapon while under disability; attempted murder; felonious assault; and aggravated menacing. The indictment included various firearm specifications, repeat violent offender specifications, and notice of prior conviction specifications.

{¶ 4} In October 2020, Green pled guilty to two amended counts of aggravated burglary (Counts 1 and 10); two amended counts of aggravated robbery (Counts 3 and 12); two amended counts of having weapons while under a disability (Counts 9 and 20); and an amended count (Count 15) of attempted murder. The aggravated burglary, aggravated robbery, and attempted murder charges contained a notice of prior conviction and repeat violent offender specification, and all charges contained a 54-month firearm specification. The remaining counts were nolled.

{¶ 5} At the plea hearing, the trial court informed Green that his sentence would involve the Reagan Tokes Act, that the trial court would "permit" Green to "raise that issue on appeal," and that the trial court would appoint Green appellate counsel if necessary.

{¶ 6} Later that month, after hearing statements from the victim and Green, the trial court sentenced Green to 54 months in prison for the firearm specifications attached to aggravated burglary (Count 1) and attempted murder (Count 15) and ordered that they run prior to and consecutive to each other and the sentences for their underlying base charges, which were a minimum of 10 years and a maximum of 15 years in prison for each count, to be served concurrently to each other and all other counts. The trial court sentenced Green to a minimum of 10 years and a maximum of 15 years for the remaining first-degree felonies, two counts of aggravated robbery (Counts 3 and 12) and one count of aggravated burglary (Count 10) and ordered that they be served concurrently to each other and all other counts. The trial court sentenced Green to 36 months each on the weapons disability counts (Counts 9 and 20) and ordered that they be served concurrently to each other and all other counts. Finally, the trial court ordered that the remaining firearm specifications attached to Counts 3, 9, 10, 12 and 20 be served concurrently to the sentences for their underlying base charges. Thus, the trial court sentenced Green to an aggregate sentence of 19 to 24 years in prison. The trial court notified Green that he would be subject to a mandatory period of five years of postrelease control upon his release from prison, and waived costs and fines. The trial court also ordered that Green pay $3,000 in restitution.

{¶ 7} At the sentencing hearing, the trial court again stated that it would give Green "an opportunity to appeal" the part of his sentence imposed pursuant to

the Reagan Tokes Act. Green's counsel also objected to the imposition of a Reagan-Tokes sentence.

{¶ 8} It is from this judgment that Green now appeals.

## II. Reagan Tokes

{¶ 9} In his sole assignment of error, Green argues that the trial court erred in imposing an indefinite sentence pursuant to the Reagan Tokes Act because the Act violates the United States and Ohio Constitutions. Specifically, he argues that the Act violates his constitutional right to a jury trial, separation of powers, and due process. He requests that we modify his sentence to a term of 19 years of imprisonment without disturbing the other components of his sentence such as postrelease control.

{¶ 10} However, pursuant to our recent en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, this court has determined that challenges to the Reagan Tokes Act are ripe for review and that the Act is constitutional.[1]

{¶ 11} Accordingly, the sole assignment of error is overruled.

{¶ 12} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[1] As the writer of this merit panel decision, I am constrained to follow the law as determined by the close vote in the en banc majority court in *Delvallie*. However, as I expressed in my separate concurring-in-judgment-only opinion in *Delvallie* and in my dissenting opinion in the original panel decision in *State v. Gamble*, 8th Dist. Cuyahoga No. 109613, 2021-Ohio-1810, it is my view that challenges in a direct appeal under the Reagan Tokes Act are not yet ripe for review.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of this writer's analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.